NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRISTOPHER PILONE, et al., | : |
| | : Civil No. 05-3798 (AET) |
| Plaintiffs, | : |
| | : |
| v. | : **MEMORANDUM AND ORDER** |
| | : |
| BASIK FUNDING INC., | : |
| | : |
| | : |
| Defendant. | : |
| | : |

THOMPSON, U.S.D.J.

I.  Introduction

This matter comes before the Court on (1) Plaintiffs Kristopher Pilone and Brandon Gilpin's Motion to Set Aside Entry of Default and Extend Time for Service of Summons and Complaint, and (2) Defendant Basik Funding Inc.'s Cross Motion for Vacatur and Dismissal. The Court has decided these motions based upon the submissions of both parties and without oral argument pursuant to Fed. R. Civ. P. 78.  For reasons stated below, Plaintiffs' motion is granted and Defendant's motion is granted in part and denied in part.

II.  Background

On July 29, 2005, Plaintiffs, Pilone and Gilpin, as former loan officers in Defendant's corporation, filed a complaint in this Court alleging Defendant failed to pay them overtime wages.  This suit mirrored a virtually identical action against Defendant in the Southern District of New York (the "S.D.N.Y. case"), where the counsel represented Pilone and Gilpin, as well as

1

New York resident plaintiffs. The Judge in that case limited the class of plaintiffs to New York residents only, forcing Plaintiffs Pilone and Gilpin (hereinafter "Plaintiffs") to bring a separate suit here, retaining the same counsel. On August 26, 2005, less than one month after filing the complaint, Plaintiffs attempted to serve process on Defendant by serving "Alexander Kaminski," the registered corporate agent for Defendant as listed on the Certificate of Incorporation ("COI"). Plaintiffs' process server sought out "Alexander Kaminski" at the address listed on the COI,[1] 88 Broad St., but found the building empty. Undeterred, the process server attempted to serve Defendant at 10 Main St., Keyport, New Jersey, which Plaintiffs believed was Defendant's place of business based on information elicited in the S.D.N.Y. case.[2] Returning to the location over and over, each time the process server found a locked building, and no signs of life.

Plaintiffs remained vigilant, and their process server hired the Spartan Detective Agency (the "Detectives") to track down "Alexander Kaminski." The Detectives ran a "skip trace"[3] search on "Alexander Kaminski," uncovering an address they believed was the agent's home. The process server arrived at the address and personally served a man named Alexander D.

---

[1] The address listed on the COI was for both Alexander Kaminski and Defendant's corporate place of business.

[2] Service at Defendant's place of business would have been valid under Federal Rule of Civil Procedure 4(h) if the process server could have found an officer or agent available on the premises. See Fed. R. Civ. P. 4(h)(1) (allowing service upon a corporate defendant by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process").

[3] A "skip trace" is a generic term for varied private instigation techniques of tracking down missing persons. Some methods include use of public information, last known addresses, Department of Motor Vehicle information, financial information, talking with neighbors, etc. See, e.g., Janelle T. Calhoun, Interstate Child Support Enforcement System: Juggernaut of Bureaucracy, 46 MERLR 921, 954 (1995) (for a brief description of types of skip traces).

Kaminski.

Plaintiffs' service of process remained elusive, as on September 6, 2005, Alexander D. Kaminski wrote Plaintiffs' local counsel stating that he was not affiliated with Defendant. As such, Defendant never submitted an answer to the complaint and on August 7, 2006, Plaintiffs filed a motion with this Court for default against Defendant relying on the service of Alexander D. Kaminiski. Tara Bernstein, Plaintiffs' counsel, attached to their motion her affidavit attesting to serving Alexander D. Kaminski "at the address on file with the State of New Jersey." Nowhere in the affidavit or within the motion is there any mention that Alexander D. Kaminski's denied affiliation with Defendant. Relying upon the affidavit, and the proof of service, the Clerk's Office entered default of Defendant on August 8, 2006.

The vacant 88 Broad St. address continued to be the address of record on the COI, until Defendant updated the address on August 10, 2006, just two days after default was entered against it and after the statute of limitation ran on Plaintiffs' claim. Soon thereafter, Defendant contacted Plaintiffs and informed them that they served the wrong "Alexander Kaminski." In fact, Defendant told them they served its registered agent's father who has a "D" middle initial, as opposed to the proper "Alexander Kaminski," whose middle initial is "J." Of course, no middle initial was listed on the COI at all. Plaintiffs promptly attempted to correct their error, serving Alexander J. Kaminski twice, on October 19, 2006, and October 25, 2006, though still after the statute of limitations had run. Plaintiffs further attempted to remedy their defective default by offering to withdraw the default if Defendant accepted the earlier defective service of the complaint. Defendant refused the offer and these motions followed: (1) Plaintiffs' Motion to Set Aside Entry of Default and Extend Time for Service of Summons and Complaint, and (2)

Defendant's Cross Motion for Vacatur, Dismissal, and Rule 11 Sanctions.

### III.  Discussion

A.      The Entry of Default is Vacated

The Third Circuit employs the same standard for vacating a default judgment and an entry of default and has stated that default entered "when there has been no proper service of the complaint is, a fortiori, void, and should be set aside."  See Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) (citing Fed. R. Civ. P. Rule 60(b)(4)); D'Onofrio v. Il Mattino, 430 F.Supp.2d 431, 437 (E.D. Pa.2006); O'Donnell v. Shalayev, No. 01-4721, 2004 WL 2958698, at *7 (D.N.J. Dec. 22, 2004). This is so because a court does not have personal jurisdiction in cases where service of process has not been properly made.  Lampe v. Xouth, Inc., 952 F.2d 697, 700-701 (3d Cir.1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding in the case.").  As it is undisputed that default was entered against Defendant, without proper service, the default is set aside.

B.       Extension of Time for Service of Process

The determination whether to extend time for service of process involves a two-step inquiry.  Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).  First, a court must determine whether good cause exists for a plaintiff's failure to effect timely service.  Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997).  If good cause exists, the extension must be granted.  Id.; see also Fed. R. Civ. P. 4(m).  Good cause is assessed by examining: (1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve.  See

MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).

Where good cause is lacking, the district court may still, in its discretion, grant an extension of time. MCI Telecomm. Corp., 71 F.3d at 1098. A factor weighing in favor of the exercise of discretion is if the statute of limitations has run in the interim. See, e.g., Marshall v. Park Plaza Condo. Ass'n, 98-2912, 1999 WL 58656, at *2 (E.D. Pa. Jan. 13, 1999) (citing Petrucelli, 46 F.3d at 1305-06; Boley, 123 F.3d at 759). In considering whether to grant an extension of time to serve process, the Court must be mindful of the "strong preference" in the Third Circuit for cases be to disposed of on the merits, whenever practicable. See, e.g., Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).

C.     Good Cause and Discretion Analysis

Plaintiffs and Defendant vigorously dispute whether good cause exists to extend time for Plaintiffs to serve process. Plaintiffs recount, via affidavits of several process servers, their multiple attempts to serve "Alexander Kaminski" at the address listed on the COI at 88 Broad St. Further, Plaintiffs list their multiple attempts to serve Defendant at its place of business at 10 Main St., Keyport. Lastly, Plaintiffs cite the skip trace performed, which led to mistakenly serving Alexander D. Kaminski. All this, Plaintiffs claim, establishes their extraordinary effort to serve process on Defendant.

Defendant, attempting to undermine Plaintiffs' efforts, cites myriad public records that list 10 Main St., Keyport, as Alexander J. Kaminski's place of business. Further, Defendant submits an affidavit from Seymour Paps, its landlord at 10 Main St., who states that Mr. Kaminski's office is located on the first floor of 10 Main St. where he has a "window . . . which faces the street, [and] contains a sign, prominently displaying the tenant's name and company

5

affiliation." (Paps Aff. at ¶ 7.) Mr. Paps states he routinely visited the premises once every one or two weeks, and at no time has he observed the building as being "unoccupied or otherwise vacant." (Paps Aff. at ¶ 9.)

Mr. Paps' sworn statement stands in contrast to the sworn affidavit of Andrew Pawelek, a process server for Plaintiffs, who states that he attempted to serve process at 10 Main St., Keyport, "multiple times." He claims he was unable to do so "because the building was closed" and "nobody ever answered the door." Further, Mr. Pawelek states he "could not confirm that Basik Funding Inc. was located at 10 Main St., Keyport . . . because it was unclear if it was occupied . . . ." (Pawelek Aff. at ¶¶ 6-9.)

Defendant attempts to further undermine Plaintiffs' efforts, by asserting Plaintiffs should have known their service on Alexander D. Kaminski was improper. Defendant states that Plaintiffs' counsel attended a deposition of Alexander J. Kaminski in the S.D.N.Y. case on November 2005, and observed the vast differences between him and the description listed by the process server of Alexander D. Kaminski. Plaintiffs' process server, James Donnely, described Alexander D. Kaminski as "65+" years of age, with gray hair, standing at 5'4"-5'8" tall, and weighing between "161-200 LBS," while Alexander J. Kaminski is undisputedly "a male, 39 years of age, with brown hair, five feet ten inches tall, and weighing in excess of 250 pounds." (Compare Pls.' Request for Default Ex. B; with Alexander J. Kaminski Aff. ¶ 29.) Defendant argues that based on clear physical difference between the father and son, Plaintiffs' counsel should have known that the description listed on the return of service did not identify its agent and that service was defective. Further, Defendant cites the letter by Alexander D. Kaminski mailed to Plaintiffs where he states in no uncertain terms that he was in no way affiliated with

6

Defendant.

Defendant also states it will be prejudiced if Plaintiffs are granted an extension because Defendant was granted repose by the running of the statute of limitation. It claims prejudice would result from the sixteen-month period that passed since the suit was filed, which has strongly "affect[ed] witness memory of important details" and caused Defendant to "no longer possess the needed documents . . . were this case to proceed to a trial." (Def.'s Resp. to Pls.' Mot. to Extend Time for Service at 11-12.) Lastly, Defendant argues that Plaintiffs' later service of Alexander J. Kaminski without first requesting permission from this Court also militates against finding good cause to grant an extension.

The Court is troubled by the obvious oversights by both parties in this case. Based on Plaintiffs' counsel's involvement in the S.D.N.Y case, and upon the letter Plaintiffs received from Alexander D. Kaminski, Plaintiffs clearly should not have presumed service of Alexander D. Kaminski was proper. It would have been better for Plaintiff not to withhold requesting entry of default at all. At a minimum, Plaintiffs should have alerted this Court to the potential defect in service upon submitting their request. Because Plaintiffs failed to provide the Court with this pertinent information, the Court is disinclined to find good cause to extend time for service of process.

Nonetheless, in the exercise of sound discretion, the Court will allow Plaintiffs an extension of time to serve process. It remains undisputed that Defendant's COI incorrectly listed 88 Broad St. as the address of Defendant, and its registered agent, "Alexander Kaminski," up until two days after default was entered against it. Further, although many public documents, such as the "Red Pages," list Alexander J. Kaminski's address to be 10 Main St., Keyport, there

7

are no entries at all for "Alexander Kaminski"– the name that appears on the COI. The failure to maintain a current address violates N.J. Stat. Ann. §§ 14A:2-7 and 14A:4-3(1).[4] The very purpose of these statutes is to facilitate service of process upon corporations registered within New Jersey and it would undermine their intent to allow a defendant to evade service of process by maintaining an out-of-date address that is only changed after the statute of limitations expires.

Further, despite Defendant's repeated assertions, it is not believable that Defendant was unaware of the impending suit yet changed its address two days after the entry of default just by chance. That Defendant was engaged in a virtually identical suit in the S.D.N.Y., had extensive dealings with the same counsel for Plaintiffs, Alexander J. Kaminski admitted at a deposition that he knew a suit in New Jersey was pending against Defendant, (see Pls.' Ex 8, 24:9-18.) and Kaminski's father was accidentally served instead of him, all render Defendant's claim of prejudice from the expiration of the statute of limitations implausible. Boley, 123 F.3d at 759 (stating "actual notice to a defendant that an action was filed militates against a finding of prejudice"). Therefore, the Court in its discretion will grant Plaintiffs an extension of twenty days from the entry of this order to properly serve Defendant, and its registered agent, Alexander **J.** Kaminski.

Further, the Court denies Defendant's motion for Rule 11 sanctions, finding that both parties failed to behave reasonably, resulting in essentially off-setting penalties. See, e.g., Refac

---

[4] 14A:4-3(1) states "A domestic corporation or a foreign corporation authorized to transact business in this State may change its registered office or its registered agent, or both. When the registered office is changed, or when the registered agent is changed, or dies, resigns or becomes disqualified, the corporation **shall**, by resolution of the board, **forthwith** fix the address of the new registered office or designate the successor registered agent or both, as the case may be) (emphasis added).

Int'l, Ltd. v. Lotus Dev. Corp., 89-5094, 1991 WL 50278, at *3 (S.D.N.Y. Mar. 28, 1991) (denying Rule 11 sanctions, stating if defendants "were sinned against, they have sinned in approximately equal measure, with at least equal egregiousness" and "although two wrongs . . . don't make a right, in this case they do make a balance").

## IV.  Conclusion

For the reasons given above, and for good cause shown,

It is on this 23rd day of January 2007,

**ORDERED** that Plaintiffs' Motion to Set Aside Entry of Default and Extend Time for Service of Summons and Complaint is GRANTED; and it is further

**ORDERED** that Plaintiffs' have twenty days from the entry of this Order in which to serve Defendant; and it is further

**ORDERED** that Defendant Basik Funding Inc.'s Cross Motion for Vacatur and Dismissal is **GRANTED in part, and DENIED in part.**

                                                   s/Anne E. Thompson
                                              ANNE E. THOMPSON, U.S.D.J.